AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
### District of Nebraska

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| | ) Case No. |
| Christopher Baskin | )         8:15MJ154 |
| | ) |
| | ) |
| | ) |

*Defendant(s)*

**FILED**
US DISTRICT COURT
DISTRICT OF NEBRASKA

**JUN 22 2015**

**OFFICE OF THE CLERK**

## CRIMINAL COMPLAINT

**SEALED**

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of   April 2, 2015- June 11, 2015   in the county of                in the

District of    NEBRASKA    , the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| Title 18, United States Code Sections 1512(b)(1) | Beginning on or about April 2, 2015, and continuing to on or about June 11, 2015, in the District of Nebraska, the Defendant, CHRISTOPHER BASKIN, did knowingly attempt to corruptly persuade Mary Klieder by instructing her to lie about defendant's involvement in the distribution of methamphetamine with the intent to influence and prevent the testimony of Mary Klieder in an official proceeding, to wit: the prosecution of case number 8:15CR63 before the U. S. District Court, in violation of Title 18, United States Code, Section 1512(b)(1). |

This criminal complaint is based on these facts:

☑ Continued on the attached sheet.

_____
*Complainant's signature*

SA Matthew Kessler, DEA
*Printed name and title*

Sworn to before me and signed in my presence.

Date:   6/22/15

_____
*Judge's signature*

City and state:       Omaha, Nebraska        THOMAS D. THALKEN,  U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

Your affiant, Mathew Kessler, is employed as a Special Agent of the U.S. Department of Justice Drug Enforcement Administration (DEA), and has been so employed since March 5, 2006. Prior to employment with DEA, Your affiant was employed as a Deputy U.S. Marshal from February of 2003 through November of 2005. In that capacity your Affiant was assigned to Washington D.C Superior Court and was responsible for court security, protective details, the transportation of prisoners, and the execution of court order writs and warrants. Upon becoming employed with DEA, Special Agent (SA) Kessler has successfully completed the DEA seventeen (17) week Basic Agent's course, which involves the identification of controlled substances, methods of their importation, transportation, manufacture, distribution, and concealment that are and have been utilized by controlled substance violators. During the employment of Special Agent Kessler, he has been involved in the investigation of controlled substance violations, and has participated in the execution of surveillance operations, an undercover operation, and the arrest of subjects related to the aforementioned controlled substance violations. As a result of his training and experience, Special Agent Kessler has become familiar with the methods and techniques utilized by controlled substance violators to import, transport, manufacture, distribute, and conceal controlled substances.

This affidavit is made in support of an application for a criminal complaint against Christopher BASKIN for violation of Title 18 United States Code, Section 1512(b)(1), Tampering with a Witness, Victim, or Informant by Intimidation, Threats, Corrupt Persuasion, or Misleading Conduct. Your Affiant is aware of the following facts and circumstances related to this investigation:

I

1.     On February 18, 2015, Mary KLEIDER and Christopher BASKIN were indicted in a three

count indictment which is filed in case number 8:15CR63 in the U.S. District Court, District of

Nebraska.  Count I charges Conspiracy to Distribute and Possess with Intent to Distribute 50 grams

or more of Methamphetamine in violation of Title 21 U.S.C. 846.  Count II charges Distribution of

50 grams or more of Methamphetamine in violation of Title 21 U.S.C. 841.  Count III charges

Possession with Intent to Distribute 50 grams or more of Methamphetamine in violation of Title 21

U.S.C. 841.  BASKIN is currently set for trial on June 30, 2015 on all charges.  KLEIDER is

anticipated to testify on behalf of the government at BASKIN's trial.

2.     On February 25, 2015, KLEIDER was arraigned in case number 8:15CR63, ordered detained,

and remanded to the custody of the United States Marshal.  However, on March 3, 2015,

KLEIDER's detention was reviewed and KLEIDER was released on bond and ordered to participate

in a program at the Williams Prepared Place.  Since KLEIDER's indictment, KLEIDER has provided

a statement to the government in which she outlined not only her drug trafficking conduct but also

that of BASKIN.

3.     On March 13, 2015, BASKIN was arraigned in case number 8:15CR63, ordered detained,

and remanded to the custody of the United States Marshal pending disposition of the case.

4.     In June 2015, I learned that, while incarcerated in Douglas County Corrections, BASKIN has

been in contact with KLEIDER.  As a result, I began to listen to BASKIN's jail calls and found a

series of calls between BASKIN and Angela KOLLEKOWSKI.  KOLLEKOWSKI was using phone

number   402-880-9203.        Douglas   County   Corrections   accounting   records   reflect   that

KOLLEKOWSKI  reported her telephone number to the facility as 402-880-9203 and has been

putting money into BASKIN's jail fund account as recently as June 11, 2015 at approximately 7:25

2

P.M.

5.      Recordings of BASKIN's phone calls from Douglas County Corrections revealed that on April 2, 2015 BASKIN called KOLLEKOWSKI at approximately 1:07 pm and began discussing his criminal case. During the call BASKIN told KOLLEKOWSKI that his daughter Monique BASKIN talked to KLEIDER about KLEIDER's employment at the airport and about a photo presentation that occurred during a meeting between KLEIDER, KLEIDER's Attorney, and the Feds.

6.  ·    Jail recording further revealed that on April 3, 2015, at approximately 5:47 P.M., BASKIN again called KOLLEKOWSKI at 402-880-9203. KOLLEKOWSKI stated that she learned from "Scott" that "Mary" was telling on BASKIN. BASKIN responded that he heard the same thing from his daughter and his attorney.      KOLLEKOWSKI stated she would beat Mary's ass. KOLLEKOWSKI stated she heard through friends that Mary was in protective custody in York for snitching. BASKIN told KOLLEKOWSKI Mary's last name is KLEIDER.

7.      Jail records and recordings further revealed that on May 18, 2015, at approximately 5:26 P.M., BASKIN called phone number 402-208-6633. An unidentified female answered the phone and passed the phone to Mary KLEIDER. During the call BASKIN told KLEIDER she had to get the case against him dropped. KLEIDER asked him how she would do that. BASKIN instructed KLEIDER to contact KLEIDER's attorney to make an appointment with the prosecutor in their case. BASKIN further instructed KLEIDER that she was to tell her attorney and the prosecutor that BASKIN was not involved and had no knowledge of what happened at the Burger King. BASKIN further instructed KLEIDER to say that BASKIN was at the Burger King to get his grandson some food. KLEIDER indicated that she would do so.

8.      On June 18, 2015, I conducted an interview with KLEIDER and her attorney. During the

3

interview KLEIDER confirmed that BASKIN did in fact tell her to meet with her attorney so that she could tell the prosecutor that she lied about BASKIN being involved in selling methamphetamine. I confirmed with KLEIDER that her original statement to the government, during which KLEIDER stated that BASKIN was involved with her in the distribution of methamphetamine, was true and correct. She further stated that the reason that BASKIN wanted her to change her statement and lie was so that he would not have to go to prison for a long time.

Matthew Kessler, Special Agent
Drug Enforcement Administration

Subscribed to and sworn to before me on February 22nd, 2015.

Hon. Thomas D. Thalken
United States Magistrate Judge

4